<div align="right">NEW-YORK,<br>Oct. 1815.<br><br>GRIFFITH<br>v.<br>KETCHUM'S<br>ADMINISTRA-<br>TORS.</div>

Judgment reversed.

-------

GRIFFITH *against* the Administrators of KETCHUM, late Sheriff of *Saratoga*.

THIS was an action of *assumpsit*, for money paid, money lent, and money had and received, &c. by the intestate, in his lifetime, as sheriff, &c. The defendant pleaded *non assumpsit*, with notice of set-off, &c. The cause was tried at the *Saratoga* circuit, on the 25th of *May*, 1813. The plaintiff gave in evidence a judgment against one *Lajusse*, in favour of *James Fellows*, who assigned it to the plaintiff, who caused a *fi. fa.* to be issued thereon, directed to the intestate, then sheriff of the county, who returned the same with the following endorsement: " By virtue of the within execution, I have received of the defendant, and caused to be made of his goods and chattels, in all, the sum of *fifty-two* dollars and three cents; twenty-three dollars and thirty-seven and a half cents of which I have paid over to *Maria Nobles*, for five and a half months' rent due, and costs demanded by her attorney; six dollars and forty cents of which has been recovered of me by *S. Drake* and *Samuel Haight*, on account of the sale of the property of the defendant; and the residue of the said sum of fifty-two dollars and three cents, deducting therefrom two dollars and forty-nine cents, for my fees, I have caused to be tendered to the plaintiff's attorney, and have ready in court," &c. A verdict was taken for the plaintiff for fifty-two dollars and three cents, subject to the opinion of the court on a case as above stated.

*Buel*, for the plaintiff, contended, that the return of the sheriff was conclusive. It is parcel of the record; and the only way

<div align="right" style="font-size:smaller">In an action of assumpsit for money had and received against the administrator of a sheriff, to recover the amount collected by the intestate on an execution in favour of the plaintiff; it appearing from the return, endorsed by the sheriff on the *fi. fa.*, that he had paid part of the sum levied " to M. N., for 5 and a half months' rent due, and costs, demanded by her attorney," &c., it was held that the return must be taken to be true, and the whole construed together; and that the rent being due, and notice to the plaintiff of the claim for rent to be presumed, the sheriff must be deemed to have paid the rent, in his behalf, and for his benefit, and that the plaintiff was, therefore, entitled to recover no more than the residue of the sum levied, after deducting the amount paid by the sheriff for the rent in arrear.</div>

NEW-YORK,
Oct. 1815.

GRIFFITH
v.
KETCHUM'S
ADMINISTRA-
TORS.

\* 2 Saund. 344.
n. 2. Str. 813.
Com. Dig. Re-
turn. (F. 2.)

† Hazard v. Ray-
mond, 2 Johns.
Rep. 478.

‡ 11 Johns. Rep.
185.

§ 2 Ld. Raym.
1075. 2 Saund.
343, 344. n. 3.

‖ Palgrave v.
Windham, 1 Str.
212. Com. Dig.
Rent. (D. 6.)

of impeaching it is by an action for a false return.\* The return is the solemn act of the officer, and binding on him and his representatives. There is nothing in the return which shows that any rent was due. The statute does not authorize the sheriff to pay the rent. He is bound only not to remove the goods, until the plaintiff pays the rent. The return ought to state the facts with precision, so as to enable the court to decide whether there has been more paid by the sheriff than the plaintiff was bound to pay. The landlord is not entitled to the rent of the current quarter, but only to the end of the last quarter preceding the seizure by the sheriff,† who, without a notice from the landlord of the precise sum due for rent, is not bound to leave any of the goods for the purpose of discharging the rent in arrear.‡ There is nothing in the return to authorize a deduction from the amount of the verdict. Where the sheriff returns that he has levied on goods to a certain value, he is answerable for the amount.§

*Foot*, contra, insisted, that the return was substantially good, and sufficiently particular; and that the sheriff was justifiable in paying the rent; for, after notice of rent being due, he is liable for it, if he remove the goods before it is paid.‖

THOMPSON, Ch. J. This is an action for money had and received to the use of the plaintiff; and the only evidence relied upon in support of the action, is the return made by the intestate upon an execution put into his hands, as sheriff of the county of *Saratoga.* This return is special, admitting that he had received upon the execution fifty-two dollars, out of which he had paid for rent due and demanded twenty-three dollars and thirty-seven cents; and the only question is, whether the sheriff is to be allowed for the rent thus paid. The statute (1 N. R. L. 437. s. 12.) directs, that no goods or chattels upon the demised premises shall be liable to be taken by virtue of an execution, on any pretence whatever, unless the party at whose suit the execution is sued out, shall, before the removal of the goods, pay the rent due, provided it does not exceed the rent for one year. As the plaintiff has relied entirely upon the return made by the sheriff, the whole return must be taken together. The plaintiff will not be allowed to adopt such parts as make in his favour, and reject the residue. If he did not choose to admit the truth

NEW-YORK,
Oct. 1815.

GRIFFITH
v.
KETCHUM'S
ADMINISTRA-
TORS.

of the whole return, he should have supported his action upon other proof. This return is made under the sheriff's oath of office, and is certainly to receive as liberal an interpretation as the bare confession of a party; and it is an invariable rule of evidence, that a whole confession is to be taken together, as well that which is in favour of, as that which is against, the party. This return states expressly that the rent was due, and this fact is not pretended to be denied; and it is no more than reasonable to presume, that the plaintiff had notice of this claim for rent. But, whether he had or not, is immaterial in this case. He has waived all objection on this ground, by ratifying and affirming the sheriff's return.

The sheriff having had notice of the claim for rent, was, by the statute, prohibited from removing any of the goods, until the plaintiff in the execution had paid the rent due. The sheriff must be considered as having paid this rent in behalf of the plaintiff; and the plaintiff, by adopting the return, as to the receipt of the money, must be deemed to have adopted it as to the appropriation, so far as there was a legal liability on the part of the plaintiff to pay; and, by the statute, he was clearly liable to pay the rent, it being for less than one year. The payment of the rent was for his benefit, as the sheriff's hands were tied up until it was paid; and it would be extremely unjust to allow the plaintiff to avail himself of the sale under the execution, and reject the payment of the rent. He sustains no injury thereby, for no more is allowed than he himself would have been obliged to pay, before he could have availed himself of his execution. The sheriff did not, therefore, receive for the use of the plaintiff any more than the surplus after paying the rent, if the whole return on the execution is taken together; and if the plaintiff will rely upon the return alone, the whole must be taken into consideration. The sheriff allowed for the money paid on account of the rent, which the plaintiff was, by the statute, bound to pay. The judgment must, accordingly, be for the sum of twenty-eight dollars and sixty-three cents.

SPENCER, J., and YATES, J., were of the same opinion.

PLATT, J. The question presented is, whether, upon the return of the sheriff without any explanation, the defendants are

NEW-YORK,   liable for the whole amount levied on the *fi. fa.*, or for what
Oct. 1815.    other sum ?

GRIFFITH          The sheriff's return is to be received as *true* in all its parts ;
v.            it being the only evidence on which the plaintiff's claim is
KETCHUM'S
ADMINISTRA-   founded.
TORS.
             With regard to the rent ; it must be assumed as true, that the
sheriff paid it to the person to whom it was due ; and as to the
costs, the sheriff paid what was " *demanded*" by the attorney
of *Maria Nobles*.   What proportion of the 23 dollars and 37½
cents was paid for *rent*, and how much of it for *costs*, we are
left to conjecture.

The law did not require, nor authorize the sheriff to make
such payments, without the plaintiff's direction or consent.

The return does not assert enough to show, that the sheriff
was warranted in paying the rent and costs ; because, it does
not state that the plaintiff was privy, or assenting to, such pay-
ment ; nor does it state, that the rent was due on the premises
where the sheriff seized the goods of *Lajussee*.   It might have
been for rent due on other lands.   Whether the *costs* paid by
the sheriff had any relation to the rent, no explanation is
given ; but supposing them to have accrued in the regular
course of collecting the rent, by what law had the landlord a *lien*
for those *costs*, in preference to the *fi. fa.* of another creditor ?

The *costs* seem to have been paid by the sheriff, because they
were " *demanded* by the attorney of *Maria Nobles*."   The re-
turn does not state the amount of the costs, nor the name of
the attorney who received them.

The sheriff is a receiver appointed by law, without special
confidence reposed in him by the individual creditor ; and to
allow him to shield himself by such a vague and indefinite re-
turn, or to impose upon the creditor the necessity of unravel-
ling the mystery, and detecting the falsity of the return, would
greatly lessen the accountability of that officer, and impair the
rights of creditors.

To protect himself against paying over the money, which, he
admits, he received on the *fi. fa.*, the sheriff is bound to show all
the facts required to warrant another appropriation of that
money.

Suppose a person should write to me, stating that he had re-
ceived, for me, 100 dollars, due to me from *A.*, and that he had
paid it, in satisfaction of a debt due from me to *B.*, would not

NEW-YORK,
Oct. 1815.

GRIFFITH
v.
KETCHUM'S
ADMINISTRA-
TORS.

the receiver, on this evidence alone, be compellable to pay me the 100 dollars? The whole confession is to be taken together; and then it appears that he received my money, and that he paid my debt, without showing any authority for making such appropriation.

The sheriff's return is to be regarded as a confession, or declaration, of several distinct and independent facts; and the same legal consequences result from those facts, as if they were proved by witnesses. Suppose, then, that the plaintiff had proved, by a witness, the first fact, viz. the receipt of the money by the sheriff, on the execution; and the defendant had then proved, by a witness, the other fact, viz. that he had paid part of the money for " *rent due*," and for " *costs demanded*," without further explanation; would not the sheriff, on such proof alone, be held liable for the whole sum collected?

At common law there was no *lien* for rent in preference to a *fi. fa.*; and the statute (1 *K. & R.* edit. 137.) enacts, " that no goods shall be taken on execution, unless the party, at whose suit the said execution is sued out, shall, before the removal of such goods, by virtue of such execution, pay to the landlord of the premises, all money due for rent; provided the arrears of rent do not amount to more than one year's rent; and the sheriff is required to levy and pay, to the plaintiff, as well the money so paid for rent as the execution money."

Under this statute, the sheriff was not bound to *pay rent* to the landlord, on executing the *fi. fa.* The injunction of the statute is merely against the *removal of the goods*, until the *judgment creditor* shall pay the rent.

By the expositions of this statute, which is a copy of the statute of 8 *Anne*, (ch. 14. sect. 1.) it is settled that the landlord is bound, in such cases, to give notice of his claim for rent, before the goods are removed from the leased premises. (*Waring* v. *Dewberry*, 1 *Str.* 97.)

It does not appear that any such demand was made in this case, before the goods were sold and removed; and if such demand had been made, it would have been the duty of the sheriff to have stayed the sale, and given notice of such demand to the plaintiff in the suit; and it was for the plaintiff, on notice, to contest the claim for rent, or to pay it, at his election.

It does not appear that the plaintiff had any such notice in this case; nor does it appear whether the sum paid, was for *one*

year's rent, or for *seven* years' rent; and from the return alone, we are to presume that the sheriff acted without direction from the plaintiff, as to the rent; and, therefore, he paid it in his own wrong.

The sheriff cannot, by a voluntary payment of rent, conclude the rights of the creditor. It would have been a good return, that he had seized the goods, but could not proceed to a sale, for that the landlord had demanded rent pursuant to the statute; and that the plaintiff was not there ready to pay. (*Palgrave* v. *Windham,* 1 *Str.* 212.)

As to the money stated to have been recovered of the she-riff, by *Drake & Haight*, the return is altogether vague and un-certain. It does not appear that the sheriff had been subjected to that payment by any act or interference of the plaintiff; nor does it appear, that in making this payment, he acted with the privity or assent of the plaintiff.

The fees for executing the *fi. fa.* (2 dollars 49 cents,) were rightfully deducted by the sheriff; and my conclusion is, that the plaintiff is entitled to judgment for the balance of the whole sum levied, after deducting those fees; to wit, for 49 dollars and 54 cents.

VAN NESS, J. was of the same opinion.

Judgment for the plaintiff for 28 dollars and 63 cents only.